UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REGINALD ROBINSON,<br><br>        Plaintiff,<br><br>    v.<br><br>RENTON CITY JAIL CHIEF MANAGER, et al.,<br><br>        Defendants. | Case No. C08-1359-JCC-BAT<br><br>ORDER OF DISMISSAL |

This matter comes before the Court on Defendants' Motion for Dismissal of Complaint (Dkt. No. 28), the Report and Recommendation of United States Magistrate Judge Brian A. Tsuchida ("R&R") (Dkt. No. 40), and Plaintiff's Objection to the R&R (Dkt. No. 42).

**I.  BACKGROUND**

Proceeding *pro se*, Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint concerns events that occurred at Yakima County Department of Corrections ("YCDOC") facilities between June 26, 2008, and July 30, 2008, when Defendant YCDOC Chief Michael Williams denied Plaintiff's grievance concerning the disciplinary actions taken against him for ignoring a direct order and refusing to work in the kitchen. (*See* Williams Decl. 18 (Dkt. No. 29).) Plaintiff's Complaint alleges that (1) YCDOC "illegally punished [him] through their disciplinary procedures," (2) he was placed in a holding unit with inmates "out of [his] custody class" in "deliberate[ ] indifferen[ce] to [his] safety," and (3) the Renton Jail Chief and Manager is "a party

ORDER OF DISMISSAL - 1

to the[se] abuses." (*See* Compl. 4–5 (Dkt. No. 8).) The R&R describes the facts in detail, so the Court does not repeat them here.

## II. DISCUSSION

Magistrate Judge Tsuchida correctly found that there was no evidence to suggest that Defendant Renton City Jail Chief and Manager participated in or knew about any of the alleged abuses, and that the other allegations against that Defendant were "unsupported" and "conclusory." (*See* R&R 7 (Dkt. No. 40).) Plaintiff does not challenge either of these findings in his objection. Accordingly, the Court ADOPTS the portion of the R&R that concerns the Renton City Jail Chief and Manager and DISMISSES the claim against that Defendant.

Magistrate Judge Tsuchida also correctly found that Plaintiff failed to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"). 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*.") (emphasis added). Plaintiff filed a grievance with Defendant YCDOC Chief Michael Williams (Inmate Grievance Form (Dkt. No. 8-2)), but did not appeal the denial of that grievance to the "Director of the Department," as required by the Inmate Handbook. (*See* Inmate Handbook 15 (Dkt. No. 29 at 13).) Moreover, Plaintiff never appealed the findings of the disciplinary hearing against him, as is also required by the Inmate Handbook. (*Id.* at 14.)

In his Complaint, Plaintiff argues that the phrase "[n]othing follows" at the end of Defendant Williams's denial of his grievance "indicat[es] . . . the exhaustion of his administrative remedies." (Compl. 5 (Dkt. No. 8).) Magistrate Judge Tsuchida correctly explained that this "farfetched" interpretation of the denial letter is unreasonable (*see* R&R 12 (Dkt. No. 40)), and is

ORDER OF DISMISSAL - 2

plainly contradicted by the four-step grievance procedure outlined in the Inmate Handbook. (*See* Inmate Handbook 15 (Dkt. No. 29 at 13).)

In his objection to the R&R, Plaintiff suggests for the first time that his grievance form was not actually a grievance but was instead an appeal of his disciplinary hearing. (*See* Objection 2 (Dkt. No. 42) (noting that "there is no standard appeal form").) Nowhere on his grievance form is it indicated that Plaintiff intended it to be interpreted as an appeal of the disciplinary hearing (Inmate Grievance Form (Dkt. No. 8-2)); indeed, in his Complaint, Plaintiff specifically describes it as a "grievance" "concerning the health concerns and cleanliness & sanitation of the [disciplinary holding] unit." (Compl. 5 (Dkt. No. 8).) Moreover, Plaintiff's form failed to meet either of the two procedural requirements for appeals outlined in the Inmate Handbook. (*See* Inmate Handbook 14 (Dkt. No. 29 at 13).)[1] Plaintiff's after-the-fact recharacterization of his filing cannot satisfy the requirement that he properly exhaust all available administrative remedies before bringing a § 1983 action in federal court.

Plaintiff also argues in his objection that he should be excused from exhausting his administrative remedies because Defendants violated the Inmate Handbook by failing to notify him of the charges against him within seventy-two hours of the incident. (Objection 2 (Dkt. No. 42); *see also* Inmate Handbook 14 (Dkt. No. 29 at 13).) It is unclear to the Court whether Defendants in fact failed to give Plaintiff proper notice, but, even if they did, it is completely unrelated to Plaintiff's failure to appeal the denial of his grievance or the findings of the disciplinary hearing. Therefore, it would not excuse Plaintiff from the clear mandate that he

---

[1] The Inmate Handbook requires appeals of disciplinary hearings to be filed "within five days of receiving your sanctions" and requires that the case number be listed on the appeal. (*See* Inmate Handbook 14 (Dkt. No. 29 at 13).) Plaintiff's grievance form was submitted ten days after the hearing and did not include the hearing case number. (*See* Compl. 1–2 (Dkt. No. 8-2).)

ORDER OF DISMISSAL - 3

properly exhaust his administrative remedies.

Because Plaintiff has failed to exhaust his administrative remedies as required by the PLRA, the Court ADOPTS the portion of Magistrate Judge Tsuchida's R&R concerning the exhaustion of remedies. As Plaintiff has failed to exhaust his administrative remedies, the Court does not reach the merits of his claims.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Dismissal (Dkt. 28) is GRANTED and Plaintiff's Amended Complaint is DISMISSED with prejudice. The Clerk of Court is directed to send copies of this Order to the parties and to Magistrate Judge Brian A. Tsuchida.

DATED this 1st day of May, 2009.

JOHN C. COUGHENOUR
United States District Judge